IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAVINIA FLORES FENZI,

           Plaintiff,

vs.                                      Civ. No.  15-058 JCH/SCY

THE CITY OF LAS VEGAS, a New
Mexico Municipal Corporation, et al.,

           Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Plaintiff's Motion for Preliminary Injunction Requiring Provision of Municipal Water Service to Plaintiff* [Doc. 46].  In her motion, Plaintiff Lavinia Florez Fenzi ("Fenzi") asks this Court for an order directing the Defendants to restore residential water service and repair pipes at her home in Las Vegas, New Mexico. For the reasons more fully stated herein, the motion will be denied.

## LEGAL STANDARD

The Supreme Court has observed "that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (quotation omitted). Similarly, the Court of Appeals for the Tenth Circuit has noted that "'a preliminary injunction is an extraordinary remedy, [and thus] the right to relief must be clear and unequivocal.' " *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *SCFC ILC, Inc. v. Visa USA, Inc*., 936 F.2d 1096, 1098 (10th Cir. 1991)).

In order for a party to be entitled to a temporary restraining order or a preliminary injunction, that party must show "(1) he or she will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits." *Id*. at 1258 (quoting *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003)) (alterations omitted).

Rule 65(a) does not explicitly provide that an evidentiary hearing is required before ruling on a motion seeking injunctive relief. Injunctions may be denied without a hearing and based solely on the written evidence if "receiving further evidence would be manifestly pointless." 11A Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2949, at 225–26 (2d ed. 1995); *see also Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (hearing unnecessary if movant cannot introduce sufficient evidence to justify granting the preliminary injunction). Specifically, the Court notes that the Tenth Circuit does not require the Court to hold an evidentiary hearing before denying injunctive relief. *See Reynolds & Reynolds Co. v. Eaves*, 149 F.3d 1191 (table) (10th Cir. June 10, 1998). Whether a hearing should be held is a matter of the Court's discretion. *Id*.

## PROCEDURAL HISTORY

On November 3, 2014, Fenzi filed her Complaint for Injunctive Relief and Damages [Doc. 1] with the Fourth Judicial District Court, County of San Miguel, New Mexico. In it, she alleges that almost a year-and-a-half earlier, on June 14, 2013, the Defendants wrongfully disconnected the water service to her townhome. In her complaint she asserts claims for trespass, intentional infliction of emotional distress, and violation of her constitutional rights to due process and equal protection of the law. Fenzi requests both injunctive relief and damages.

On January 21, 2015, City of Las Vegas Defendants removed the case to this Court. Over the next several months, Fenzi served the other Defendants, who filed answers to Fenzi's complaint. On September 10, 2015, this Court entered an Initial Scheduling Order. [Doc. 30]. Thereafter, the parties made their initial disclosures and, on October 20, 2015, they filed their Joint Status Report and Provisional Discovery Plan. [Doc. 35]. On November 3, 2015, the Court held a Rule 16 scheduling conference. Doc. 37. Over the following months, the parties continued to conduct written discovery. Then, on February 9, 2016, Fenzi filed the motion for preliminary injunction [Doc. 46] currently pending before this Court.

At the time Fenzi filed her motion for preliminary injunction, more than two and a half years had passed since she had stopped receiving water service at her home. In neither the motion itself [Doc. 46] nor its supporting brief [Doc. 48] does Fenzi request a hearing on the motion. On February 23, 2016, the various Defendants in this case filed their briefs in response. Docs. 49, 50, 51. On March 4, 2016, Fenzi filed her reply briefs. Docs. 53, 54, 55.

## DISCUSSION

In the Court's experience, it is unusual to receive a motion for injunctive relief fifteen months after the commencement of litigation between the parties. More often, due to the urgent nature of the circumstances that typically motivate a request for injunctive relief before trial, movants file such motions early in the case. Delay is even more unusual when the event precipitating litigation—in this case, the termination of water service—had occurred more than two and a half years prior to filing the motion.

For this reason, in reviewing the motion the Court looked with particular interest to Fenzi's description of the first requirement for issuance of preliminary injunctions enumerated above—that is, her showing that she will suffer irreparable injury unless the injunction issues.

3

Generally, the types of harm that satisfy this element are so grievous, and so urgent, that money damages cannot right the wrong. Yet, more than two and a half years had passed since Fenzi's water was cut off before she filed her motion for injunctive relief. Had circumstances changed such that the harm to Fenzi was now of a type that could not be cured by money damages?

Fenzi's motion and brief failed to answer the question. In her brief, Fenzi states in conclusory fashion that "[d]eprivation of water service causes embarrassment, discomfort, inconvenience, humiliation, and health threats due to difficulty in basic sanitation. These injuries are ongoing, and impossible to calculate with the kind of precision required for actions at law." Doc. 48 at 5. Beyond these brief, conclusory statements, Fenzi provided no supporting details regarding the irreparable harm she has suffered or the reasons, if any, why money damages are an inadequate remedy. She offers no evidence, in the form of an affidavit by her or any other witness, regarding the nature of the harm she has suffered. And, she offers no explanation why, if she has been suffering irreparable harm, she would delay in filing her motion for injunctive relief. In their response brief, the City of Las Vegas Defendants raised this very question. Doc. 51 at 10. However, in her reply to the City Defendants [Doc. 53], Fenzi again fails to address the question of irreparable harm with either affidavits or further explanation.

In light of the foregoing, the Court will deny Fenzi's motion for preliminary injunction without a hearing on the grounds that it does not appear that she is able to make even a threshold showing of irreparable harm. As a result, the Court need not examine the other three elements of a preliminary injunction at this time and expresses no opinion on the likelihood of success on Fenzi's claims. The Court reminds the parties that all of Plaintiff's claims remain pending, and the case is set for trial on a trailing calendar to begin November 14, 2016.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion for Preliminary Injunction Requiring Provision of Municipal Water Service to Plaintiff* [Doc. 46] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**